IN THE UNITED STATES DISTRCT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**BRANDI BURCHAM, on behalf of
herself and all other similarly situated**                                            **PLAINTIFF**

v.                                                  Civil Action No. 3:23CV116-SA-RP

**MORGAN WALLEN and JOHN DOES 1-20**                                  **DEFENDANTS**

## CLASS ACTION COMPLAINT

**COMES NOW,** Plaintiff, Brandi Burcham, on behalf of herself and all others similarly situated, by and through undersigned counsel, files this Class Action Complaint against Morgan Wallen ("Wallen"), and alleges the following:

### PARTIES

1. Plaintiff Brandi Burcham is an adult resident of Prentiss County, Mississippi. Plaintiff purchased tickets to see Wallen perform at his "One Night at a Time Global Tour" at Vaught-Hemingway Stadium in Oxford, Mississippi on Sunday, April 23, 2023, and Plaintiff incurred other out-of-pocket expenses in connection therewith.

2. Plaintiff brings this lawsuit as a Rule 23 class action on behalf of all affected patrons who incurred expenses in connection with Wallen's failure to perform at his "One Night at A Time Global Tour" at Vaught-Hemingway Stadium in Oxford, Mississippi on Sunday, April 23, 2023.

3. Defendant Morgan Cole Wallen ("Wallen") is an American country music singer and songwriter. Wallen is an adult resident citizen of Davidson County, Tennessee.

4. Under Rule 15(c) of the Federal Rules of Civil Procedure, the true names and capacities of the Defendants, John Does 1-20, inclusive, whether individual or otherwise, are unknown to the Plaintiff, who, therefore, sues said Defendants by such fictitious names and will

1

further seek leave of this Honorable Court to amend this Complaint to reflect their true names and capacities when the same are ascertained. Plaintiff alleges upon information and belief that each of the Defendants designated as a Doe is responsible in some manner and liable herein to the Plaintiff by reason of negligence, wanton and reckless misconduct, and/or in some other manner as alleged hereinafter by this Complaint, and by such wrongful conduct each of the Defendants proximately caused the injury and damage occasioned to the Plaintiff herein.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The amount in controversy exceeds the sum of $5,000,000 exclusive of interest and costs, there are more than 100 putative class members, and minimal diversity exists because many putative class members are citizens of a different state than Defendant.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391, because this is the judicial district in which a substantial part of the events giving rise to the claims asserted herein occurred.

7. This Court has personal jurisdiction over this matter because Wallen conducted business operations in this District.

## FACTUAL ALLEGATIONS

8. Plaintiff purchased tickets to see Wallen perform at his "One Night at a Time Global Tour" at Vaught-Hemingway Stadium in Oxford, Mississippi on Sunday, April 23, 2023. Just moments before showtime, Wallen canceled the performance, ostensibly because he lost his voice. Wallen posted the following message on his Instagram story:

> After last night's show I started losing my voice so I spent the day resting up, talking to my doctor and working through my vocal exercises trying to get better. I really thought I'd be able to take the stage and it kills me to deliver this so close to showtime, but my voice is shot and I am unable to sing. All tickets will be refunded at point of purchase. I am so sorry, I promise you guys I tried everything I could.

9. Shortly after the cancellation was announced to the sold-out crowd at Vaught-Hemingway Stadium, a message was displayed on video boards near the stage promising patrons that "refunds for tonight's event will be available at point of purchase." As of the filing of this Complaint, said refunds have not been issued though the University of Mississippi, who hosted the event.



10. Even if ticket prices are refunded, no offer has been made to reimburse concertgoers for other out-of-pocket expenses they incurred in connection with the concert cancellation, including transportation, lodging, food, merchandise sales, transaction fees, and other such expenses.

## CLASS ACTION ALLEGATIONS

11. Pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2) and (b)(3), as applicable, Plaintiff seeks certification of the following nationwide class (the "Class"):

> All persons in the United States who purchased tickets for Wallen perform at his "One Night at a Time Global Tour" at Vaught-Hemingway Stadium in Oxford, Mississippi on Sunday, April 23, 2023, and who were not provided a refund and reimbursed for incurred expenses as a result of the cancellation, including transportation, lodging, food, merchandise sales, transaction fees, and other such expenses.

12. Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, legal representatives, successors, subsidiaries, and assigns. Also excluded from the Class are any judicial officer presiding over this matter, members of their immediate family, and members of their judicial staff, and any Judge sitting in the presiding court system who may hear an appeal of any judgment entered.

13. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or division after having had an opportunity to conduct discovery.

14. The Class meets the criteria for certification under Rule 23(a), (b)(1), (b)(2), (b)(3) and (c)(4).

15. <u>Risk of Inconsistent or Varying Adjudications. Fed. R. Civ. P. 23(b)(1).</u> As the proposed class members include thousands of persons across the country, there is significant risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendant. For example, declaratory relief may

be entered in multiple cases, but the ordered relief may vary, causing the Defendant to have to choose the court order with which it will comply.

16. <u>Numerosity. Fed. R. Civ. P. 23(a)(1).</u> Consistent with Rule 23(a)(1), the members of the Class are so numerous and geographically dispersed that the joinder of all members is impractical. While the exact number of class members is unknown to Plaintiff at this time, it is believed that the Class is comprised of more than 30,000 members geographically dispersed throughout the United States. Affected consumer's names and addresses are available from records available to Wallen and the University of Mississippi, and class members may be notified of the pendency of this action by recognized, court-approved notice dissemination methods, which may include electronic mail, U.S. Mail, internet notice, and/or published notice.

17. <u>Predominance of Common Issues. Fed. R. Civ. P. 23(a)(2) and (b)(3).</u> Consistent with Rule 23(a)(2) and with 23(b)(3)'s predominance requirement, this action involves common questions of law and fact that predominate over any questions affecting individual class members. The common questions include:

   a. Whether Defendant's conduct breaches his Contract;
   b. Whether Defendant is required to give a refund and reimburse all related expenses as a result of the cancellations, rather than ticket price only;
   c. Whether Plaintiff and members of the Class are entitled to damages, costs, or attorneys' fees from Defendant; and
   d. Whether Plaintiff and members of the Class are entitled to compensatory damages.

18. <u>Typicality. Fed. R. Civ. P. 23(a)(3).</u> Plaintiff's claims are typical of other Class members' claims because Plaintiff and Class members were subjected to the same unlawful conduct and damaged in the same way. Defendant's conduct that gave rise to the claims of Plaintiff and other Class members is the same for all Class members.

19. <u>Adequacy. Fed. R. Civ. P. 23(a)(4).</u> Consistent with Rule 23(a)(4), Plaintiff is an adequate representative of the Class because Plaintiff is a member of the Class and is committed

to pursuing this matter against Defendant to obtain relief for the Class. Plaintiff has no conflicts of interest with the Class. Plaintiff's counsel is competent and experienced in litigating class actions, including extensive experience in litigating consumer claims. Plaintiff intends to vigorously prosecute this case and will fairly and adequately protect the interests of the Class.

20. <u>Superiority. Fed. R. Civ. P. 23(b)(3).</u> Consistent with Rule 23(b)(3), a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The purpose of the class action mechanism is to permit litigation against wrongdoers even when damages to individual plaintiffs and class members may not be sufficient to justify individual litigation. Here, the damages suffered by Plaintiff and the Class members are relatively small compared to the burden and expense required to individually litigate their claims against Defendant, and thus, individual litigation to redress Defendant's wrongful conduct would be impracticable. Individual litigation by each Class member would also strain the court system. Moreover, individual litigation creates the potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

21. <u>Declaratory Relief.</u> Class certification is also appropriate under Rule 23(b)(2) and (c). Defendant, through its uniform conduct, acted or refused to act on grounds generally applicable to the Class as a whole, making injunctive and declaratory relief appropriate to the Class as a whole.

## COUNT I - BREACH OF CONTRACT

22. Plaintiff realleges and reincorporates its allegations in paragraphs 1 through 21 above as if fully set forth herein.

6

23. This claim for breach of contract damages or, in the alternative, specific performance of the contract's refund terms, is based on Defendant's breaches of his Contract with the University of Mississippi and/or John Does 1-20.

24. Plaintiff, along with all putative class members, were third-party beneficiaries of Defendant's contract with the University of Mississippi and/or John Does 1-20, and Plaintiffs paid meaningful compensation to attend said concert.

25. Plaintiff, and all putative class members performed under the Contract, specifically, by tendering payment for the concert tickets to Defendant and/or Defendant's agents and complied with all conditions precedent under the Contract.

26. Due to Defendant's cancellation of his performance, Plaintiff, and all putative class members were deprived of the concert performance they paid to see through no fault of their own, and they did not receive the benefit of their bargain with Defendant.

27. Therefore, Plaintiff and putative class members are entitled to refunds of the out-of-pocket expenses they incurred in connection with the canceled performance.

28. As a result of Defendant's breaches of contract, Plaintiff and the putative class members have incurred damages in an amount to be proven at trial.

## COUNT II - NEGLIGENCE

29. Plaintiff realleges and reincorporates its allegations in paragraphs 1 through 28 above as if fully set forth herein.

30. Defendant assumed a duty to exercise due and reasonable care for the financial property interests of his patrons, which includes ensuring foreseeable cancellations are announced in a timely manner in order to mitigate any damages incurred by his patrons, including members of the Class.

31. By his acts and omissions described herein, Defendant unlawfully breached this duty. The Class was damaged thereby.

32. Defendant breached the duties owed to Plaintiffs and the Class, and under the circumstances, Defendant's breaches constitute negligent, willful and/or reckless conduct.

33. As a direct, proximate and foreseeable result of Defendant's conduct, practices, actions, and inactions, Plaintiffs and members of the proposed Class have been caused to suffer damages.

34. Therefore, the Representative Plaintiffs and members of the proposed Class claim money damages in an amount that will fairly and reasonably compensate them for the harm caused by the Defendant. In addition, the Plaintiffs claim damages for mental anguish in an amount to be determined by the jury that is fair and reasonable in consideration of the willful, reckless and intentional conduct of the Defendant.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all putative Class members, respectfully requests that the Court enter judgment in their favor and against Defendant as follows:

a. For an Order determining at the earliest possible time that this matter may proceed as a class action under Rule 23 and certifying this case as such;

b. For himself and each Class member their actual compensatory damages;

c. For reasonable attorneys' fees and costs of suit;

d. For pre-judgment interest and interest pursuant to redhibition; and

e. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff, on behalf of himself and the Class of all others similarly situated, hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

                                 Respectfully Submitted,

                                 **BRANDI BURCHAM**

                By:    /s/ Casey Lott
                         Casey L. Lott, MBN 101766
                         Thomas O. Cooley, MBN
                         William "Jack" Simpson, MBN 106524
                         Attorneys for Plaintiff

**LANGSTON & LOTT, PLLC**
100 South Main Street
Post Office Box 382
Booneville, MS 38829-0382
Telephone: (662) 728-9733
Facsimile: (662) 728-1992